BOWEN, Judge,
dissenting.
I believe the State presented sufficient evidence of penetration to make the issue a jury question. As the majority opinion observes, “The amount of penetration ... required ... is minimal,” at 1190-91. There need not be “an entering of the vagina or rupturing of the hymen, the entering of the vulva or labia being sufficient.” Harris v. State, 333 So.2d 871, 874 (Ala.Cr.App.1976) (quoting 75 C.J.S. Rape § 10b).
In view of the victim’s testimony that the appellant “tried to push his private part into her front private part,” cf. Long v. State, 370 So.2d 354, 356 (Ala.Cr.App.1979) (victim’s testimony, that accused “put his privates in [her] ... the front part,” held *1192 sufficient), and the examining physician’s testimony that she found “redness, erythe-ma, ... along the labia,” it is clear that the State presented a prima facie case. The determination of whether in fact penetration occurred was for the jury.